start. The first case for argument is United States v. Martinez. It is docket 19-1389. Mr. Pincus, we are ready to hear you and you're ready to proceed. Thank you, your honor. May it please the court. My name is Howard Pincus from the Federal Public Defender and I represent Damon Martinez. The relief we are requesting here this morning is limited. It is only for this court to read standard condition 12 narrowly so that it standard condition 12 does not itself call for risk notification of third parties, but it does lay out when there can be risk notification, which is this court recognized in Cabral can infringe on significant liberty interests. There can be risk notification if the probation officer requested and the district court approves it. This would be a modification allowing risk notification. That would have to be done. Mr. Pincus, that's exactly what the condition says. So I'm just mystified why you consider that a modification of the condition. It is simply a performance of the condition. No, the condition itself by its terms doesn't allow risk notification. It allows it if something else happens. It's right. If you request it and you get the judge's approval, which I assume they're going to do. Well, if they want risk notification, they have to do it pursuant to the procedures of rule 32. Well, this is allowing them to do with sidestep that I don't I don't see where rule 32 apply. World 32 is when you change when you want to change or modify a condition. They don't want to modify any condition. They're perfectly happy with the way it's written. They're just simply wanting to enforce it as written. Well, they are happy with the procedure of the condition. They're not happy with the substance of it. The substance of it is there is not risk notification now. There can only be in the future if conditions are met. If those conditions are met and that would change the substance of the condition to allow risk notification. And that's what the modification would be changing the substance. I hate to keep interrupting you, but really this is where the train leaves the station for me. And unless you get me, nothing else matters. I when I look at that modification, that condition, it is written. It says you do A and B and you can get the notification. And so I say, fine, I don't want to modify those conditions. I mean, it tells me what I have to do. So I'm simply executing or performing the condition. I'm not modifying it in any way. And unless you can convince me that there is some modification involved, that's really the step one of your argument. And so you might as well spend some time on it if you want at least my being on board. Absolutely. The what matters here is the substance of the condition and the substance is no risk modification, no risk notification now, but there can be risk notification in the future. If certain things are met, if there's a request by the probation officer and if the court approves it, that's the procedure for changing the condition to allow for risk notification. Right now, nobody has an obligation to notify third parties. Nobody can notify third parties. It can only be done if certain things aren't met. That is a contingent condition. What would the modified condition say then? We don't know. Well, the modified condition would say whatever risk notification the court allows after the probation officer determines that risk notification is appropriate, requests it, and the court approves it. That's why, for example... Let's say that the risk that the probation officer deems exists is to Joe Jones. The defendant is a condition. Do you envision the condition now reads that the probation officer is authorized to notify Joe Jones? Or require Mr. Martinez to notify Joe Jones of the risk occasioned by his conduct. We don't know exactly what is going to be changed to, which is why a vagueness challenge couldn't succeed on this. We don't know what it's going to look like. We don't know what the court's order is. We'll only know that if the probation officer says, judge, there are risks here of which third parties need to be notified. The court reviews it and says, yes, you're right, and here's how I'm going to change the condition. That's why the condition would change. Isn't that a ripeness problem for you? You don't even know if they're going to ask for notification at this point. So what would happen if we did nothing and the district court, and you go back and the probation officer goes to the district court and says, we want notification of Joe Jones, and the district court says, absolutely, we're going to have a hearing and I'm appointing counsel. Then, I mean, how do you have a problem at all? If they're asking for an advisory opinion, basically, telling the court how to do it in the future. What you've outlined is how the procedure should work. There should be compliance with rule 32.1c. The problem is that the condition doesn't suggest that. It's silent as to whether there will be such a hearing. In fact, the questioning so far has presumed on the assumption the judge would just grant it. All we're asking for is not that the condition be changed in any way or overturned. We are saying that it should be read to comply with the law and the laws as you've outlined. If they're going to allow the notification of Joe Jones, then the district court has to comply with rule 32.1c. It has to hold a hearing. It has to appoint an attorney for Mr. Martinez. It has to give him an opportunity to be heard. But how do you know the district court's not going to do that anyway? I mean, and until you don't get that, how do you have a case? We don't know because the record is silent on it. And the record doesn't indicate that that's what the court is going to do. And in fact, the objection here was, look, you're allowing a change in this condition later. And that's outside of the ordinary sentencing hearing. It's without an attorney. He won't have somebody to represent him. The court never pushed back on that. So the indications are that it would be done by just a judge saying yes or no to the proposed change in the substance of the condition to allow risk notification. That's why what we're asking for... Are you okay with that, at least as far as the piece where the probation officer himself or herself notifies the person that there's a risk? In other words, how is that even a condition on the defendant? All these conditions read, the defendant shall, the defendant shall. If it's the probation officer determining independently after consulting the court and getting approval, and the defendant never even knows about it, is that a condition? Does your argument extend to that situation? Yes, it does. It's certainly a condition. In fact, it's listed as a condition in what the court... It's listed as a standard condition. The probation officer or Mr. Martinez. Also, it's not true that all conditions are ones that require the defendant to do or not do something. And in fact, you can see that from the condition that can be imposed with regard to deportation. The defendant shall be deported is listed as a discretionary condition of probation or supervised release. That's not something that requires the defendant to do or not do anything. That's something that's done to him. The reason why most conditions are directed to the defendant is because usually that's the person whose conduct you're trying to influence. And also because that's the person who the court has jurisdiction to order to do something. But it's not true that only things that require defendant to do or not do something are conditions. And this court's decision in due, and I'll submit a 28-J letter on this, and that's at 476 F 3rd 1168, suggests that the very thing that I just pointed out. Due involved... It followed up on Souser, which said an employment notification condition was invalid that the District of Colorado had. And that it was changed to an employment verification and that was obviously something that the probation officer would verify whether you were employed and the conditions, etc. That wasn't something that acted on the defendant himself to do or not do anything. It was probation officer shall verify. The challenge in due was that that was an occupational restriction. This court rejected the claim, but it didn't do so because it wasn't a condition of supervised release. It reached the merits of it. And that shows, as does the deportation condition, which can be a condition of supervised release, that it's not only things that are directed at the defendant to do or not do something. Let me ask you an analogy, Mr. Pincus. There's a lot of conditions here. I haven't looked at them now and I don't have them all in mind, but I'm sure one of them says that as a condition, you have to allow a probation officer to come in and search your house on reasonable business hours if he wishes. So what if... Do we need to change that to say he's authorized to come in on Wednesday, October 12th to search your house at noon? Because the condition is a broad one. It says you can search upon reasonable notice. But now you're saying, I think your analogy would be if now they want to implement that and say, I want to come in at noon tomorrow, they need to get a change condition and comply to rule 32 to be more specific. Is that the logical consequence of your argument that you're trying to change a condition? No, it's not. The condition... I'm sorry. There's a broad permission that once you get to the specifics, it requires a change? That says we're giving blanket permission subject to whatever restraints are in that condition itself. We'll give a blanket permission to do a search. Here, there's no permission to do risk notification at all. The change would be to allow risk notification if the probation officer comes to the court and the court says that's okay. And all we're saying is that needs to be read to comply with the law, which this court typically does with supervised release conditions that are challenged. If it can uphold them by reading them in accordance with the law, that's what it does. That's what we're asking to do. Are you making a separate due process argument claim or are you making only a rule 32 change? Just the rule 32 change. Just the rule 32 argument. Your argument is limited to rule 32. That's correct. Our argument is that you have to do what rule 32, the law we've cited, requires. And that's if you're going to change this to allow... Did you preserve that below? Well, our objection below was in terms of due process. We did mention it would be done outside of the rule 30, the sentencing hearing context when he wouldn't be represented by counsel. But it really doesn't matter at all whether it's preserved or not. This court in Bayer read a condition narrowly to comply with the law, even though it was on plain error review. It did the same as to the mental health condition in Mike. And that's at 632 F3rd 699 Note 5. For the special condition there, it said plain error review, you didn't object. For the one based on just mental health treatment that's dealt with in Note 5, the court said, well, this could be read not to have the effect you're claiming. And therefore, we're going to read it narrowly, even though that was also on plain error review. And it's even clear in Bayer that it was on plain error review. And this court just said, we're going to read it narrowly. And the reason is, is that this court reads it to avoid an error. So that gets around the entire plain error review, or whether there's an abuse of discretion. I think we said plain error review would be the NOVA would be the standard if it were preserved, which we think it is, but it actually would be abuse of discretion. But either way, reading it narrowly avoids any error at all. And that's what this court strives to do to uphold the condition. And we're not asking that you throw out the condition. We're just saying, read the condition to comply with the law. So that's what we'd ask the court to do. Go ahead. I'm sorry. Proceed. Oh, I'm just saying we would we would ask the court to read special condition 12 narrowly to comply with the law by requiring that any change to allow risk notification be done pursuant to rule 32.1c. Thank you. Did you did you argue for plain error? We did. And we also argued that that it doesn't the standard review doesn't matter because what we're doing here is saying there is no error. If you read it the way we're asking you to read it, how this court is often read special standard conditions or special conditions of supervised release to avoid an error by reading it narrowly to comply with the law. And that's all we're asking you to do. We're not saying throw out the condition. We're saying read it to comply with the law. If you do that, you can affirm. And so that brings me back to what we were discussing first is if there's no error. Then how do you have a case? I mean, you can't appeal and say there's no error in what's been done because we can't give you any relief. We have a case because it appears that the district court authorized the procedure outside of outside of rule 32.1c. That would be a violation of the same way as the delegation in Cabral. It doesn't matter whether the delegated power is ever used. What matters is it was done at the time of sentencing. At the time of sentencing, it appears that the district court authorized the procedure outside of rule 32. Thank you. Please proceed when you're ready, Mr. Johnson. Thank you, Your Honor. May it please the court and Mr. Pincus, Michael Johnson for the United States. This court should affirm the sentence below for two reasons. First, Mr. Martinez's challenge to his standard condition 12 is not ripe for review. Second, even if this court finds that the issue is ripe for review and the court reaches the merits, the court should review only for plain error. But regardless of the standard this court applies in reviewing the decision below on the merits, Mr. Martinez cannot show that the district court erred. So I'd first like to talk about- Does plain error really matter? Because he's arguing a pure legal issue. And when you're looking at a pure legal issue, does it matter whether we're doing plain error or de novo? Because either case, we review issues of law de novo. So I mean, why are we getting all tangled up on whether it could be plain error or not? Does it even matter? It does not matter, Your Honor, because there's no showing of error. Under the first prong of the plain error test, Mr. Martinez would have to show error. He cannot show error here. And so it doesn't matter in the grand scheme of things, whether this court reviews for plain error or reviews de novo. There's simply been no showing of error. We submit that Mr. Martinez has not presented a pure legal question to this court. He relies on the Cabral decision. Cabral considered two challenges to Cabral's standard condition 12. One was an improper delegation of judicial function claim. The second was a vagueness claim. We submit that this case is more like Cabral's vagueness claim than it is like Cabral's improper delegation of judicial function claim. It is not like the improper delegation claim because in Cabral, this court stated that Cabral's condition 12 constituted the already realized delegation of judicial power to a probation officer, not merely some hypothetical future violation the delegation might allow. But here, it is not clear on the face of Martinez's standard condition 12 that in fact, Martinez will not receive a Rule 32.1C hearing if the district court later considers whether or not modification of Mr. Martinez's supervised release would be and nothing on the face of Martinez's standard condition 12 suggests that modification would occur here without compliance with Rule 32.1C. You know, counsel, I'm not sure I ever need to get there, but I have trouble with your argument that this is more like the Cabral vagueness issue than the improper delegation issue. Vagueness requires that you need more facts to decide what your question is. But here, the question is a legal question. Do you need to go to the court and have a hearing with lawyers and the defendant's representation or not? That question could be questioned. This condition has improperly delegated to the supervised release officer the power to take certain action without getting court approval first. So, I'm just saying if I got there, I'm not sure that I agree with your effort to distinguish Cabral on that. I understand, Your Honor. Even if this court finds that Mr. Martinez has presented purely a question of law, it is nevertheless not fit for judicial review. In Cabral, this court stated that even if a court can resolve a pre-enforcement challenge as a pure question of law, the court's precedent strongly disfavors deciding challenges to supervised release conditions that might never be applied. And here, there are a number of contingent future events that may not occur as Mr. Martinez anticipates, indeed may not occur at all. This court does not know at some point in the future the probation officer might ever determine that third-party notification may be appropriate, third-party risk notification. The court doesn't know if the probation officer might in the future recommend notification to the district court. It doesn't know whether the court might approve the probation officer's recommendation for third-party notification. So, there's been no showing that the matter is fit for judicial review. That's the factor under the prudential ripeness test. The second is hardship. Martinez cannot show that he would suffer hardship if review is withheld here. Hardship turns on whether the party seeking review faces a direct and immediate dilemma from the ruling under challenge. Here, Martinez will not suffer hardship if review is withheld because he's not saying that review is withheld. The probation officer has to go get the court's approval. I'm sorry, Your Honor. I mean, if this court determines not to review on the merits, if this court instead determines that the matter is not prudentially ripe, I was not clear. I either fitness review or that review would or rather he would suffer hardship if review is withheld. And so, therefore, this court should decline to consider the issue on the merits. But even if the court looks at the merits and it turns to the merits, first, we submit that the court should review for plain error. He argued below to the district court in his objections to standard condition 12 that the provision constituted a due process violation. He was making a constitutional claim to the district court, arguably a procedural due process claim, arguing the right to notice and an opportunity to be heard. But here, he is now raising a claim of a violation of Rule 32.1C. He's not raising a constitutional claim now. And Mr. Pincus just indicated a moment ago during his argument that, in fact, he is not making a due process claim at this time. Does plain error matter? I mean, if he's really raising a legal question of what this condition 12 says, what it means, that seems to me we're being asked to interpret some language, which is a legal issue. Does plain error, I mean, a legal question, how does that change? Don't we review all legal issues de novo, whether it's plain error or otherwise? This court does, Your Honor. And if the court views this as purely a legal issue, Mr. Martinez nevertheless loses. He has to show that the district court erred. Here, under his standard condition 12, any kind of risk notification must first cross the district court's desk. The district court must first consider the probation officer's recommendation for risk notification, and the district court must approve of risk notification before it may be allowed. But nothing in the record and nothing on the face of Mr. Martinez's standard condition 12 indicates that the district court would not hold a Rule 32.1C hearing prior to a supervised release. There's no showing here. Do you agree then with Mr. Pincus' argument that if they decide to give a notification of risk, that that should be characterized as a modification of condition 12 rather than simply an execution of existing 12 as written? You just used the hearing as if you bought into Mr. Pincus' argument on that. Your Honor, I'm not sure the court needs to resolve whether risk notification... Are you conceding that the execution of a notice under Exhibit 12 should be characterized as a modification of Exhibit 12, of condition 12, rather than simply an application of 12 as written? Your Honor, we are now arguing that if the probation officer is authorized to notify the third party of a risk, that that may be a modification. This is not what we argued in answer brief, but we agree that if the probation officer is authorized to notify the third party of a risk, that may be a modification. Even though Exhibit 12 says a probation officer can give that notice if you get a court approval. So they're saying, fine, we'll get court approval, we'll give the notice. How does that vary one jot or tittle from the current reading of condition 12? It does not, Your Honor. But this court doesn't need to resolve that particular issue, whether it consists of a modification or not. Because here, nothing in the record indicates that the district court erred in issuing standard condition 12. Nothing in the record indicates that the district court would not hold a hearing before modifying Mr. Martinez's supervised release conditions. Can we just back up a little bit? And I'd like to know your understanding of what this condition even does and why we have it, because it seems to be an oddball amongst the list. I would assume that no one would want a defendant to go notify his ex-girlfriend or something that he'd threatened to kill her, or that he was indeed still a danger to her. And so I gather what this condition is really about is, say you have a sex offense and you want to work at a daycare center or something, then the probation officer can require you, you need to go tell them that you are at risk. Is that what it's about? The whole thing seems to be kind of about nothing to me. If there were no condition 12 in the guideline book and the probation officer went and told the daycare, you need to be worried about this guy because he has this offense. I can't imagine that would be a problem. And so I'm struggling to understand what this whole condition 12 is all about. Why don't you tell me what you think it's about? Condition 12, Your Honor, is designed to protect third parties. It places the defendant on notice that risk notification may occur at some point in the future, that it is a contingency. And Mr. Martinez agrees in this case, he agrees in as he set forth in his briefing to this court that it is a contingency. So the purpose is protection of third parties. That is why it's included as a standard condition by the Sensing Commission. I'm not sure if that answers the question. Let's say this. Let's say that down the road, the probation officer has a concern that the defendant is the one who needs to go notify someone, a third party of a risk, and goes to the court, the district court. The district court says, I agree, I approve. The probation officer then tells the defendant, you need to go tell this third party that you're a risk. At that point, can't the defendant re-approach the court? Now, no counsel, perhaps, but there's still that ability to do that, is there not? Absolutely, Your Honor. The defendant can approach the court and request a hearing or challenge the probation officer's statement that the defendant must notify the third party of the that the defendant should not be allowed to do this. And if the district court were then to approve it, approve a modification to the conditions of release without first holding a Rule 32.1c hearing, the defendant can appeal that to this court. But here, nothing in the record shows that the district court would not hold a Rule 32.1c hearing. What if the district court said no? If the district court said, you want what? No, I'm not doing that. Would you think that would be error on the district court's part? If the district court violated Rule 32.1c and modified the conditions of release without first holding a hearing or giving the defendant notice of the hearing, because the defendant can under Rule 32.1c2a, if the district court errs, then the defendant can appeal to this court. Are you conceding the defendant would have a right to a Rule 32.1 hearing? Not in all situations, Your Honor. Only if there's a modification of the conditions of release. And only if the defendant has not waived the hearing or the other condition in Rule 32.1c2a is not met. Rule 32.1c2b says the relief sought is favorable to the defendant, does not extend the term of supervised release, and the government does not object. I see that my time has actually expired, Your Honor. We submit that Mr. Martinez cannot show error. Nothing in the record here shows that the district court erred. Judge Carson is correct that this is simply an effort to obtain an advisory opinion from this court. And we submit that the sentence below should be affirmed. Unless the court has further questions, we ask for affirmance. Thank you. Thank you, counsel. The court asked what this condition actually does and why it's there. It could be, for example, in like a notifying a girlfriend of the dangers because somebody has a prior conviction for domestic violence, or it can occur in the employment situation where they want to notify the employer of theft issues, things like that. And those are things that infringe on the significant fundamental interests. Also, we're dealing here with an already realized issue of the allowing a modification without Rule 32.1. It's right for the same reasons that the challenge to the already realized delegation in Cabral was right. Thank you. Thank you, both counsel, for your arguments. The case is submitted.